SCHNEIDER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 87. Submitted under sec. (Rule) 251.54 October 3, 1973.—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 511.)

For the plaintiff in error the cause was submitted on the brief of *Patrick J. Devitt,* Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Michael R. Klos,* assistant attorney general.

PER CURIAM. The only issue in this case is whether the evidence considered most favorably to the conviction is so insufficient that no trier of facts acting reasonably could be convinced of the guilt of plaintiff in error beyond a reasonable doubt. The elements of the crime for which plaintiff in error was convicted include obtaining property of another by deceiving him with a promise made with

intent not to perform which is part of a false and fraudulent scheme. Sec. 943.20 (1) (d), Stats.

The evidence shows that the plaintiff in error purchased merchandise on credit by presenting what appeared to be a purchase order form from an established business. The jury was entitled to believe that his purpose in doing this was to obtain credit when he supposed it would not otherwise be available. This is sufficient to infer a false and fraudulent scheme beyond a reasonable doubt. Plaintiff in error argues that the store manager who extended credit to the plaintiff in error did not rely on the identity of the company named in the purchase order, and therefore the store manager was not deceived by the scheme. Under sec. 943.20 (1) (d), Stats., it is not necessary that the person who parts with property be induced to do so by a false and fraudulent scheme. Rather, he must be deceived by a false representation which is part of such a scheme. The false representation which the state claims in this case is the promise to pay for the merchandise with intent not to perform the promise.

At the time of purchase the plaintiff in error gave as his address a place which he was about to leave and, subsequent to the purchase gave the store manager a telephone number which was not his. Although the manager made some 20 calls to that number, he was never able to reach the plaintiff in error and the calls were not returned. The jury was entitled to believe that the plaintiff in error intentionally deceived the store manager into parting with the merchandise by promising to pay for it with intent not to perform the promise. The jury was entitled to conclude that the promise was part of a false and fraudulent scheme to obtain credit. The evidence is sufficient to sustain the verdict.

The judgment and order are affirmed.